UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Master File No. 00-1334-MD-MORENO**
**Tag-Along Case No. 01-00079-CIV-MORENO**

IN RE: MANAGED CARE LITIGATION
_____

H. ROBERT HARRISON, M.D., MARTIN MORAN, M.D., LANCE R. GOODMAN, M.D., SANDY SPRINGS PEDIATRICS & ADOLESCENT MEDICINE, P.C., and PEDIATRIC INFECTIOUS DISEASE ASSOCIATES, LLC., individually and on behalf of all those similarly situated, and MEDICAL ASSOCIATION OF GEORGIA,

    Plaintiffs,

vs.

UNITED HEALTHCARE OF GEORGIA, INC., and UNITED HEALTHCARE CORPORATION,

    Defendants.
_____/



## ORDER GRANTING IN PART MOTION TO DISMISS AND GRANTING MOTION TO COMPEL ARBITRATION

THIS CAUSE came before the Court upon two motions. The first is the Motion to Dismiss Plaintiffs' Complaint **(D.E. No. 27)** filed on **April 16, 2008**. The second is the Georgia Tag-Along Plaintiffs' Motion to Compel Arbitration **(D.E. No. 25)** filed on **March 12, 2008**. The Court has considered the motions, the responses, the replies and the pertinent portions of the record, and being otherwise fully advised in the premises, it is ORDERED that Count I, Count III and Count IV are DISMISSED. It is FURTHER ORDERED that the remaining count, Count II for breach of contract, shall go to arbitration in accordance with the contract or contracts between the parties.

## The Motion to Dismiss

The Parties appear to agree that Counts I, III, and IV are resolved by previous orders issued by this Court in the *In Re Managed Care Litigation*. Plaintiffs do not dispute Defendants' assertion that these counts should be dismissed in the Plaintiffs' response to the Motion to Dismiss. Therefore, these counts are dismissed with prejudice.

Count II is for breach of contract. Defendants assert that Count II is in fact a claim for violation of Georgia statute because the contract does not contain the provisions which Plaintiffs claim were breached. This Court has already held that the disputed Georgia statute does not permit a private right to sue. Plaintiffs counter that the contract incorporates those portions of the Georgia statute. This issue of whether breach of contract is a valid cause of action in light of this Court's previous orders is appropriate for an arbitrator for the reasons stated below. Therefore, this Court abstains from ruling on Defendants' argument that Count II should be dismissed.

## The Motion to Compel Arbitration

The parties agree that Count II for breach of contract concerns a contract or contracts that contain an arbitration provision. Defendants contend that this Court should not honor the arbitration provision for three reasons, addressed in turn.

First, Defendants claim that Plaintiffs waived their right to arbitration. Waiver of arbitration requires the party seeking to enforce arbitration to (1) act inconsistently with its right to arbitrate and (2) by doing so having prejudiced the other party in some way. <u>Ivax Corp. v. B. Braun of Am., Inc.</u>, 286 F.3d 1309, 1315-1316 (11th Cir. 2002). The first prong is satisfied. Plaintiffs twice opposed Defendants' motions to compel arbitration at earlier stages of this case. The second prong, however, is not satisfied. Although this case is older than six years old, this case was stayed for a substantial period of that time pending the resolution of the *Shane* lawsuit. The litigation thus far in this case has

not concerned the merits of the breach of contract claim.  Therefore, the Plaintiffs' previous resistance to arbitration has not prejudiced the Defendants.

Second, Defendants claim that the breach of contract claim is not appropriate for arbitration because the cause of action is in fact a claim that Defendants violated a Georgia statute.  The cause of action as pled in the complaint is for breach of contract.  The issues about (1) whether or not the contract(s) incorporate the Georgia statutes and (2) whether or not breach of contract is a viable cause of action are appropriate for the arbitrator to decide because the parties agreed to arbitration to resolve contract disputes.

Third, Defendants claim that the breach of contract claim should be precluded because of *res judicata*.  Defendants contend that the grant of summary judgment in the *Shane* lawsuit prevent the Plaintiffs from suing Defendants a second time based on the same operative facts.  This Court dismissed seven other cases against Defendants because of *res judicata*.  This Court must first determine whether arbitration is appropriate in this case before determining the *res judicata* issue.  The issue about whether or not *res judicata* applies in this case is therefore appropriate for the arbitration.

### Conclusion

Counts I, III and IV of the operative complaint are DISMISSED with prejudice.  Count II for breach of contract is DISMISSED with leave for the Plaintiff to arbitrate the breach of contract claim in accordance with the arbitration provision of the contract(s).

DONE AND ORDERED in Chambers at Miami, Florida, this 21st day of August, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record